IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 1:05-cr-00011-JWS |
| | ) | |
| Plaintiff, | ) | **PRELIMINARY ORDER OF** |
| | ) | **FORFEITURE** |
| v. | ) | |
| | ) | |
| JAMES E. VANDEBUNTE, III, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to Fed. R. Crim. P. 32.2(b) and based upon the defendant JAMES E. VANDEBUNTE, III's April 4, 2006, guilty pleas to Counts 1 and 2 of the Indictment (including Criminal Forfeiture Count 2), and the Court's acceptance of the defendant's guilty pleas, the Court finds that in light of the defendant's conviction of Count 1 of the Indictment, the defendant's interest, if any, in one COLT, DOUBLE EAGLE, .38 CALIBER REVOLVER, SERIAL NUMBER DP01485, described in Count 2, is property constituting firearms or ammunition involved in or used in the commission of such violation, thereby rendering said property subject to forfeiture under 18 U.S.C. § 924(d)(1).

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

The firearm described in Count 2 of the Indictment is condemned and forfeited to the United States of America pursuant to 18 U.S.C. § 924; and the defendant shall forthwith forfeit all his right, title and interest, if any, that he has in said firearm.

Pursuant to Fed. R. Crim. P. 32.2(b)(3), the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") is authorized to seize and take possession of the aforementioned

firearm and hold such in its secure custody and control until further order of this Court, may conduct any discovery the Court considers proper in identifying, locating, or disposing of said property, and to commence proceedings that comply with any statutes governing third-party rights.

Pursuant to 21 U.S.C. § 853(n), ATF shall publish notice of this Preliminary Order of Forfeiture and of the United States' intent to dispose of the property in such manner as the Attorney General may direct. The notice shall be published once in each of three consecutive weeks in the Petersberg Pilot (Petersberg newspaper) or any other appropriate newspaper of general circulation. The notice shall state that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited firearm must file a petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

The notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the firearm, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property. The petition shall also set forth any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice as substitute for published notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture. Upon adjudication of all

third-party interests, this Court shall enter a Final Order of Forfeiture in which all interests

will be addressed.

DATED this 29th day of June 2006.


                                    /s/
                                    JOHN W. SEDWICK
                                    United States District Court Judge