LOUIS JAMES MENENDEZ, ESQ.  (AK S.B. No. 7811118)
Menendez Law Office
227 Seventh Street
Juneau, Alaska 99801
Telephone: 907/586-5996
Facsimile: 907/586-2206

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,                    )<br>                                              )<br>        Plaintiff,                           )<br>                                              )<br>   vs.                                        )<br>                                              )<br>JAMES E. VANDEBUNTE, III      )<br>                                              )<br>        Defendant.                            )<br>_____)                | **<u>LATE FILED SENTNENCING<br>MEMORANDUM</u>**<br><br>Case No. J05-00011-CR (JWS) |

COMES NOW the defendant JAMES E. VANDEBUNTE, by and through his attorney, Louis James Menendez, Esq., and submits this <u>Late Filed Sentencing Memorandum</u>.  Mr. Vandebunte does not dispute the <u>Government's Sentencing Memorandum</u> that addresses <u>Background</u> and <u>Sentencing Calculation</u>.  That said, Mr. Vandebunte asks this court to make a guideline adjustment to the sentence calculation finding that taking the totality of the criminal history into account, Mr. Vandebunte's criminal history category over-represents the seriousness of his criminal history.

Mr. Vandebunte received a three-point criminal history increase because of his conviction via his guilty plea in <u>State</u>

of Alaska v. James E. Vandebunte (1PE-05-132 Cr.) and a two point increase because he was on probation in State of Alaska v. James E. Vandebunte (1PE-054-011 Cr.) at the time of the offence in this case. Mr. Vandebunte does not dispute that statutes may allow for the additional criminal history points.[1] However, in the latter case Mr. Vandebunte received a sentence of imprisonment consecutive to any sentence this Court will impose in this case. In other words, Mr. Vandebunte has been punished for conduct in the State case. Together with the two-point increase, the total addition of five criminal history points is plainly disproportionate to the gravity of Mr. Vandebunte's criminal history.

Mr. Vandebunte has shown himself to be a changed person since his arrest on July 29, 2005. As reflected in the June 8, 2006, letter from the Lemon Creek Corrections Center, Mr. Vandebunte's behaviour while incarcerated has been exemplary in

---

[1] U.S.S.G. sec. 4A1.1(a) states that three points are added for each "prior sentence" of imprisonment exceeding one year and one month. The term "prior sentence" is further defined at sec. 4A1.2(a)(4) that where a defendant has been convicted of an offence, but not yet sentenced, that conviction is counted as if it constituted a prior sentence under sec. 4A.1.1(c), if the sentence resulting from that conviction would have otherwise been counted.  Sec. 4A1.1(c) states that one point is added for each prior sentence not counted under sec. 4A1.1(a) and (b). In State of Alaska v. James E. Vandebunte (1KE-05-132 Cr.), Mr. Vandebunte plead guilty on April 17, 2006 and was sentenced on June 27, 2006.  In this case, Mr. Vandebunte plead guilty on April 4, 2006, and will be sentenced on August 9, 2006.  Perhaps a colourable argument could be made that because Mr. Vandebunte was "convicted" in this case before he was convicted in the State case, and that date of conviction was before a sentence was imposed in the State case, at worst he should receive one criminal point or, at best, the State case is not a "prior sentence" for any purpose as it relates to Mr. Vandebunte's sentence in this case.  In other words, timing is everything. That said, while the three point criminal history maybe legal in Mr. Vandebunte's case, it is not just or fair and likely not what the authors of the guidelines had in mind when the statutes were written.

his willingness to rehabilitate himself and, perhaps more importantly, other inmates. Mr. Vandebunte affirmative self-appraisal was brutally honest demonstrating a frank yet painful understanding that he will quite literally not survive if he does not forever sever his near life long addiction to alcohol and drugs.

Mr. Vandebunte needed only to look at the facts of this case as testimony to the near ruination of his life. Mr. Vandebunte was out of control. Mr. Vandebunte was a walking and talking picture of an addict.  Mr. Vandebunte chose to arm himself with a loaded gun because he believed another person would kill him.  Mr. Vandebunte will go to his grave being that to be true. Whether it is true or not or whether Mr. Vandebunte's perception was skewed by his addiction is of little importance. What is critical is that he chose to place himself and others in harm's way simply because his thinking had been so twisted by his addictions.

Mr. Vandebunte is an undeniably smart and skilled man. Yet he begins middle age ravaged by lost opportunities and a shattered life. The poet perhaps seeing another Mr. Vandebunte wrote, "there is no greater sin, than wasted talent."  Mr. Vandebunte has finally looked at himself and those around him. He has to wife, no children, no home.  It has taken some years, but he has finally "hit bottom" and is doing all he can do to

never return to that place. Mr. Vandebunte is sick and tired of being sick and tired.

The cold calculation of a criminal history category IV fails to recognize Mr. Vandebunte potential for change, his commitment to a life other than the one he has been living, and his very impressive prospects for rehabilitation. The calculation also fails to recognize most critical step in Mr. Vandebunte rehabilitation: Mr. Vandebunte reunification with his mother and father. A criminal history category calculation of II or III would be consistent with the facts of this case and the person of Mr. Vandebunte today as they apply to the factors set forth in 18 USC 3353.

RESPECTFULLY SUBMITTED at Juneau Alaska, this 6th day Of August 2006.

S/Louis James Menendez
_____
Louis James Menendez
Attorney for Defendant
227 7th Street
Juneau, Alaska 99801
Telephone: 907/ 586-5996
FAX: 907/586-2206
ljmak@ptialaska.net
ABA # 7811118

I certify that a true and
correct copy of the foregoing

was served on David A. Nesbett, Esq.,
counsel of record for
the government, via electronic
service, on the 6 day of August 2006 to
the following location:


Office of the United States Attorney
222 W. 7th Avenue
Anchorage, Alaska 99513-7564
Facsimile: 907/271-3224

S/Louis James Menendez
_____
Louis James Menendez